**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHADDEN CULLEY,** **Individually and on behalf of all others similarly situated** | § § § § | |
| *Plaintiff,* | § § | Civil Action _____ |
| **v.** | § § | |
| | § | **JURY TRIAL DEMANDED** |
| **INWELL, INC. and MWD SERVICES (MGMT), INC.** | § § § | |
| | § | **COLLECTIVE ACTION** |
| *Defendants* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Shadden Culley, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") brings suit against Inwell, Inc. ("Inwell"), and MWD Services (MGMT), Inc. ("MWD") (collectively "Defendants") to recover compensation, liquidated damages, attorneys' fees and costs under Sections 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA").

**I.
OVERVIEW**

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Defendants as Measurement While Drilling ("MWD") Operators and were paid a day rate but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3     Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

1.4     The FLSA requires that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one-half for all hours worked over forty in a regular workweek.

1.5     Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.6     Plaintiff and the Putative Class Members were not paid overtime for at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.7     Defendants knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.8     Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed technical and routine manual labor-type job duties in the oilfield as MWD Operators.

1.9     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

2.2     This Court has personal jurisdiction over Defendants because the causes of action arose within this District as a result of Defendants' conduct within this District and Division.

2.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4     Specifically, Defendants' operational headquarters are based in Houston, Harris County, Texas and have maintained a working presence throughout the State of Texas.

2.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.
### PARTIES

3.1     Plaintiff Shadden Culley worked for Defendants in Texas and Oklahoma within the relevant time period. Plaintiff Culley did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

3.2     The Putative Class Members are those current and former MWD Operators who were employed by Defendants in the past three years, and have been subjected to the same illegal pay system under which Plaintiff Culley worked and was paid—specifically, all other MWD Operators who were paid a day rate and no overtime.

3.3     Inwell, Inc. ("Inwell") is a Texas corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for services of process: **John D. Mullen, 19434 Oil Center Blvd., Houston, Texas 77073.**

3.4     MWD Services (MGMT), Inc. ("MWD") is a foreign for-profit corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for services of process: **Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.**

---

[2] The written consent of Shadden Culley is attached hereto as Exhibit "A."

3.5 Inwell and MWD are joint employers under the FLSA pursuant to 29 C.F.R. § 791.2. Defendants acted in concert to uniformly offer MWD and other oilfield-related services, exercised control over Plaintiff and the Putative Class Members, together failed to pay their employees overtime, and both share common ownership and leadership. As a result, both Inwell and MWD are responsible, individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## IV.
## FLSA COVERAGE

4.1 At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2 At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

4.5 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning

of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Defendants as MWD Operators and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8 The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all MWD Operators who worked for Inwell, Inc. and/or MWD Services (MGMT), Inc., at any time in the last three years through the final disposition of this matter, and were paid a day rate but did not receive overtime for all hours worked over forty (40) in each workweek."

4.9 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1 Inwell and MWD are together an oilfield service company with significant operations in the United States. Defendants provide expertise in directional, horizontal and straight hole drilling. Defendants also offer MWD tools and services to assist in the drilling processes.[3]

---

[3] http://www.inwell.com/service.html.

5.2     Over the statutory time period, Defendants have jointly employed (and misclassified) MWD Operators throughout the United States. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

5.3     Specifically, Defendants misclassified Plaintiff and the Putative Class Members as independent contractors.

5.4     Defendants Inwell and MWD are joint employers pursuant to 229 C.F.R. § 791.2.

5.5     Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of their clients.

5.6     Further, Defendants manage key internal relationships to both Inwell and MWD— that is, they jointly directs the financials of Inwell and MWD and control the day rates of Plaintiff and the Putative Class Members who directly or indirectly report to Inwell and MWD.

5.7     Moreover, Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.8     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.9     Plaintiff Culley worked for Defendants as a MWD Operator throughout Texas and Oklahoma from approximately September 2010 until January 2015 and from November 2016 until May 2017.

5.10    From approximately September 2010 until August 2011, Plaintiff Culley was paid a day rate of $325.00 but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.11    From approximately August 2011 until January 2015, Plaintiff Culley was paid a salary plus a day rate but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.12    From approximately November 2016 until February 2017, Plaintiff Culley was paid a day rate of $400.00 but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.13    From approximately February 2017 until May 2017, Plaintiff Culley was paid $30.00 per hour and $45.00 per hour for all hours worked in in excess of forty (40) in a workweek.

5.14    Plaintiff and the Putative Class Members worked for Defendants as MWD Operators within the statutory time period and were misclassified as independent contractors.

5.15    Plaintiff and the Putative Class Members' primary job duties included operating oilfield machinery, collecting/relaying data, and reporting daily activities to field supervisors for analysis.

5.16    Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.17    Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

5.18    Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.19    Plaintiff and the Putative Class Members were actually prohibited from varying their job duties outside of these predetermined parameters.

5.20     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.21     Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield on a daily basis.

5.22     Plaintiff and the Putative Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

5.23     Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.24     Plaintiff and the Putative Class Members did not supervise two or more employees.

5.25     Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.26     Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

5.27     Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

5.28     Defendants owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

5.29     Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

5.30     Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

5.31     Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

5.32    Plaintiff and the Putative Class Members did not employ their own workers.

5.33    Plaintiff and the Putative Class Members worked continuously for Defendants on a permanent full-time basis.

5.34    Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

5.35    Plaintiff and the Putative Class Members relied on Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

5.36    Defendants paid Plaintiff and the Putative Class Members on a weekly and/or bi-weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by Defendants and/or their customers.

5.37    Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

5.38    Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they regularly worked a minimum of 84 hours per week (and often more than 100 hours per week).

5.39    Even though Plaintiff and the Putative Class Members worked far in excess of 40 hours per week, Defendants did not pay them overtime for all hours worked in excess of 40 hours each week.

5.40    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.41    Defendants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.42    Instead of paying overtime, Defendants applied this pay practice despite clear and controlling law that states that the types of duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

5.43    Accordingly, Defendants' pay policies and practices blatantly violated the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2    Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3    Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4    Defendants are sophisticated parties and employers, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5    Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6    The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7    Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.    COLLECTIVE ACTION ALLEGATIONS**

6.8    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Culley.

6.9    Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all MWD Operators who worked for Inwell, Inc. and/or MWD Services (MGMT), Inc., at any time in the last three years through the final disposition of this matter, and were paid a day rate but did not receive overtime for all hours worked over forty (40) in each workweek."

6.11    Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff Culley's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a workweek.

6.16 Defendants employed a substantial number of MWD Operators throughout the United States during the past three years. These workers are geographically dispersed, residing and working in different locations throughout United States.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations of federal wage and hour laws.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL MWD OPERATORS WHO WORKED FOR INWELL, INC. AND/OR MWD SERVICES (MGMT), INC., AT ANY TIME IN THE LAST THREE YEARS THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY (40) IN EACH WORKWEEK**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff Culley respectfully prays for judgment against Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.    For an Order awarding Plaintiff a service award as permitted by law;

i.    For an Order compelling the accounting of the books and records of Defendants; and

j.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**ANDERSON2X, PLLC**

By:    /s/ *Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Federal I.D. No. 777114
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **Lauren E. Braddy**
       Federal I.D. No.1122168
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       **Alan Clifton Gordon**
       Federal I.D. No. 19259
       Texas Bar No. 00793838
       cgordon@a2xlaw.com
       819 North Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       **ATTORNEYS IN CHARGE FOR PLAINTIFF**
       **AND THE PUTATIVE CLASS MEMBERS**